[No. B019273. Second Dist., Div. One. Feb. 27, 1987.]

In re V. M. et al., Persons Coming Under the Juvenile Court Law.
LOS ANGELES COUNTY DEPARTMENT OF PUBLIC SOCIAL
SERVICES, Plaintiff and Respondent, v.
BEVERLY M., Defendant and Appellant.

COUNSEL

Abby Edleson Pollitt, under appointment by the Court of Appeal, for Defendant and Appellant.

De Witt W. Clinton, County Counsel, Sterling R. Honea and Joe Ben Hudgens, Senior Deputy County Counsel, for Plaintiff and Respondent.

OPINION

WOODS (N. F.), J.*—

I

FACTS

On August 7, 1985, the juvenile court petition of the department of public social services was heard before juvenile court Referee A. Q. Hyman, Judge Pro Tem. of the Los Angeles County Superior Court. The minor children, V. M. and K. M. (ages 16 and 6, respectively) were declared dependent children of the court under Welfare and Institutions Code section 300 on the ground that, on "numerous occasions" over the preceding nine years, V. had been sexually molested by Timothy M., who is the stepfather of V. and the

---

*Assigned by the Chairperson of the Judicial Council.

natural father of K. The minors were returned to the home of their mother (appellant herein), Beverly M., under the supervision of the department of public social services.

On December 23, 1985, before Juvenile Court Referee A. Q. Hyman, a six-month status-review hearing required by rule 1378 of the California Rules of Court and Welfare and Institutions Code section 366.2 was held.

The court made its order as follows: "Conditions still exist which would justify initial assumption of jurisdiction under section 300 WIC."

The court, in retaining dependency jurisdiction over V. and K., further required that V. and appellant continue to participate in counseling.

The only evidence admitted at the December 23 judicial review hearing appears to have been a report prepared on behalf of the respondent, the County of Los Angeles Department of Public Social Services, by the assigned children's service worker, one Bertha S. Derman.

After noting that appellant and Timothy M. (stepfather/father) were separated, and that Timothy M.'s only contacts with the children over the last 10 months had been by telephone, the report then stated: "The breakup of this family had a profound emotional and financial impact upon all. . . ."

The report stated that the family had moved to California from Michigan some four years earlier and that appellant and the children, with court approval, had moved back to Michigan in September 1985. Appellant and the children were staying with a family friend until appellant received her California income tax refund, which had been mistakenly mailed to her former address in California. With the proceeds of the refund, appellant hoped to establish her own home. She was going to school and hoped soon to obtain employment as a paralegal. The children were in school, doing "exceptionally well."

The report further stated that respondent had not referred the case to Michigan through the Interstate Compact on the Placement of Children (Civ. Code, §§ 264-274) because respondent was waiting for appellant and the children to settle into their own residence. The respondent had, however, made a request for courtesy supervision from the State of Michigan, to which the State of Michigan had not yet had time to respond.

By handwritten letter of appellant and real party in interest, Beverly M., dated January 13, 1986, received and filed by the clerk of the court on

January 21, 1986, expressing a desire to appeal from the entire order of the superior court, this appeal is deemed to be timely filed.

## II

### ISSUES

■ The sole issue on this appeal is whether the trial court abused its discretion by ordering the minors to remain wards of the court at the judicial review hearing on December 23, 1985, for the alleged failure of the petitioner and respondent to carry its burden of proof mandated by California Rules of Court, rule 1378(d)(1), namely, establishment by a preponderance of the evidence that "conditions exist which would justify initial assumption of jurisdiction under section 300" of the Welfare and Institutions Code.

## III

### DISCUSSION

Three reported decisions have developed the law pertaining to dependency jurisdiction over a nonoffending parent: *In re Nicole B.* (1979) 93 Cal.App.3d 874 [155 Cal.Rptr. 916]; *In re La Shonda B.* (1979) 95 Cal.App.3d 593 [157 Cal.Rptr. 280]; and *In re Jennifer P.* (1985) 174 Cal.App.3d 322 [219 Cal.Rptr. 909].

Although it was stipulated in *In re Nicole B., supra,* that the child's unmarried parents no longer lived together as of the date of the adjudication, and that the offending father was " 'not allowed to come in or about the residence' " (at p. 877), the Court of Appeal was not convinced that the father would stay away permanently as evidenced from the following statement: "The potential return and resumption of residence in the home by the person responsible for making it unfit justifies the determination the best interests of the child would be served by making her a ward of the court [citation]." (*In re Nicole B., supra,* 93 Cal.App.3d at p. 878.)

*In re La Shonda B., supra,* 95 Cal.App.3d 593, held it to be an abuse of judicial discretion for the trial court to dismiss a dependency petition with prejudice even though the offending mother was confined to a mental hospital by stating: "We must sustain the final argument that dismissal of the petition with prejudice constituted abuse of discretion in this case. This disposition, flying in the face of the evidence, left a child who had almost been killed by her mother still in the joint custody of that mother and father, without any possibility of protection that [respondent] might otherwise provide. The court was surely aware of its power . . . to adjudicate a depen-

dency and place the child with her father or grandmother, limiting parental control and making all reasonable orders for the child's care and support. Its failure to exercise this power, in light of our enormous concern in California that the home of a battered child needs to be proven safe [citation], left this baby with no protection at all." (*In re La Shonda B., supra,* at pp. 601-602.)

In *In re Jennifer P., supra,* 174 Cal.App.3d 322, the minor's parents had been divorced and living apart for two years when the abuse of the minor occurred. The incidents took place during the father's periodic, court-ordered visitations of the child. (At p. 327.) In distinguishing *In re Nicole B.,* the court noted the exceptional measures which the mother had taken to prevent any further contact between the father and the minor. Those measures consisted of pursuing a criminal prosecution of her ex-husband, obtaining a temporary restraining order prohibiting contact and seeking modification of the divorce decree to give her sole custody of the child.

In all three cases, the Court of Appeal has emphasized that the imposition of juvenile dependency jurisdiction must depend on the welfare of the child, not the fault or lack of fault of the parents. (*In re Nicole B., supra,* 93 Cal.App.3d at pp. 879-881; *In re La Shonda B., supra,* 95 Cal.App.3d at p. 599; *In re Jennifer P., supra,* 174 Cal.App.3d at pp. 326-327, fn. 3.) The more likely it is that the offending parent will have further contact with the nonoffending parent, the more the child's welfare is jeopardized by being placed unsupervised with the nonoffending parent.

*In re Jennifer P., supra,* 174 Cal.App.3d 322, teaches that, although the prospect for the nonoffending parent to avoid the court supervision is not totally hopeless, he or she must go to the extraordinary length of pursuing all judicial protections available in the civil and criminal courts in order to establish his or her zeal, as well as ability, to protect the minor. Lesser measures have not been enough to reassure the Court of Appeal that the welfare of the minor can be protected without the aid of the court's juvenile dependency jurisdiction.

In the present case, there was no evidence that appellant had sought any judicial protections. Indeed, appellant's financial straits suggested that she would not be able to afford to do so, even if she felt the need. The financial problems and general family disturbance could also render appellant's household vulnerable to any overtures of the father, Timothy M., to return to live with the family. Thus, the evidence presented at the judicial review hearing established by a preponderance that there was still enough instability in the family to justify dependency jurisdiction and continued participation in counseling. Indeed, the case law establishes that termination of jurisdiction,

in view of the evidence, would have constituted an abuse of judicial discretion.

## IV

### DISPOSITION

The order appealed from is affirmed.

Spencer, P. J., and Lucas, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 20, 1987.